# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VINCENT MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.** |
| ) | **2:18-CV-00381-UJB-AKK** |
| ) | |
| **JESSE CREEK MINING, LLC;** ) | |
| **AND JAMAS TECHNOLOGY, INC.,** ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL AND FOR APPROVAL OF FLSA SETTLEMENT

COME NOW Plaintiff Vincent Miller ("Miller") and Defendants Jamas Technology, Inc. ("Jamas") and Jesse Creek Mining, LLC ("Jesse Creek") (collectively, "the Parties"), by and through their undersigned counsel of record, and respectfully move this Court for an Order allowing the Parties to submit their Release and Settlement Agreement for the Court's approval under seal and approving the settlement reached by the Parties. In support of this motion, the Parties show this Court the following:

**I. Factual and Procedural Background**

Miller filed this suit against Jesse Creek and Jamas on March 12, 2018, alleging, among other claims, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") on behalf of himself and others similarly situated. (*See*

1

Doc. 1, ¶¶ 1-2.)  Miller alleges both defendants were his "joint employer" and that Miller was employed by them both as an hourly security guard.  (Doc. 1, ¶¶ 14-16.)  Miller claims that Jamas and Jesse Creek violated the FLSA by failing to properly calculate overtime wages due to him.  Miller claims his regular rate of pay was $17.00 /hour, whereas Jamas calculated overtime based on Miller's hourly wage of $15.00 /hour.  (Doc. 1, at ¶¶ 21-25; 40-50.)  Miller alleges he complained about this practice and that Defendants retaliated against him.  (Doc. 1, at ¶¶ 26-27; 51-53.)  Miller also alleges that Defendants failed to keep adequate records as required by the FLSA.  (Doc. 1, at ¶¶ 54-55.)  Miller claims that he is entitled to injunctive relief, reinstatement to his position, backpay, compensatory damages, liquidated damages, punitive damages, and an award for attorney's fees, costs, and expenses.  (Doc. 1, at 20-21.)

On April 9, 2018, Jesse Creek filed an answer denying that it was ever Miller's employer, denying the material allegations that it violated the FLSA, and denying that Miller is entitled to any of the relief sought in the Complaint.  (*See* Doc. 14.)  Jamas has not filed an answer and has been granted extensions of time to file its answer or otherwise respond to the Complaint.  Jamas admits that Jamas was Miller's employer and that Miller was paid on an hourly basis.  However, Jamas also denies the material allegations against it, denies that it and Jesse Creek were Miller's "joint employer," and denies any liability to Miller.

2

**The Parties' Settlement**

Soon after being served with the Complaint, Jamas initiated settlement discussions with Miller's counsel of record.  Counsel exchanged information about Jamas's pay and time records concerning Miller, the anticipated testimony of witnesses, and relevant FLSA law concerning the computation of overtime pay where an employee is reimbursed for expenses incurred for the benefit of an employer (in this instance, payment for estimated mileage and the use of Miller's vehicle).  The Parties agree that there is a bona fide dispute concerning whether Miller's overtime pay was properly calculated during his employment with Jamas. *See Edwards v. Agrium Advanced Techs. (U.S.) Inc.*, No. 1:13-CV-00570-MHH, 2014 WL 1233702, at *2-3 (N.D. Ala. Mar. 25, 2014); *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982).

Jamas and Miller exchanged calculations and agreed upon a calculation of Miller's alleged damages.  Through their discussions and exchange of information, the Parties reach an amicable resolution regarding all claims asserted in the Complaint, including collective claims.  The terms of the Parties' agreement are set out in a Confidential Settlement and General Release ("the Agreement"), which has been executed by Jamas and Miller.  Jesse Creek is included as a "Released Party"

under the Agreement.  Pursuant to this Court's order dated April 24, 2018, counsel submitted the Agreement to this Court's chambers via electronic mail.

**Approval of the Settlement Is Warranted**

The Parties now seek the Court's approval of the Agreement based upon the criteria set forth by the Eleventh Circuit Court of Appeals in *Lynn's Food*. *See id.*, 679 F.2d at 1352.  The Parties submit that, in light of the bona fide dispute as to the material facts and the method they used to calculate Miller's potential damages, the settlement is "fair and reasonable." *See id.* at 1355.  The Parties further submit that the agreed upon damages adequately compensate Miller for the alleged violations of the FLSA and include liquidated damages allowable under the FLSA.

The experience of counsel representing Miller is adequate, as he and his firm have many years of experience of advocacy for employees in wage disputes.  In the Agreement, Miller's attorney's fees are set out separately from the amount payable to Miller.  Additionally, the Parties submit that the agreed upon fees and costs were negotiated at arms-length, are reasonable, and demonstrate that there is no conflict of interest tainting Miller's recovery.  *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).

WHEREFORE, PREMISES CONSIDERED, the Parties request that this Court enter an order allowing them to submit the Agreement to the Court under seal and enter an order approving the Settlement.

Respectfully submitted this 25th day of April, 2018.

        */s/ H Wallace Blizzard,* III
        /s/ H Wallace Blizzard, III (asb-8969-b59h)
        wblizzard@wigginschilds.com
        Attorney for Plaintiff Vincent Miller

**OF COUNSEL:**
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, AL 35203-3204
(205)-314-0500

        */s/ Ben B. Robinson*
        Thomas A. McKnight, Jr. (asb-3942-m67m)
        tmcknight@wallacejordan.com
        Ben B. Robinson (asb-5071-n65r)
        brobinson@wallacejordan.com
        Attorneys for Defendant Jamas Technology, Inc.

**OF COUNSEL:**
WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
P. O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555

        */s/ Taffi S. Stewart*
        E. Britton Monroe (asb-1454-072e)
        bmonroe@lgwmlaw.com
        Taffi S. Stewart (asb-0450-m72t)
        tstewart@lgwmlaw.com
        Brittany R. Herring (asb-1392-h611)
        bherring@lgwmlaw.com
        Attorneys for Defendant Jesse Creek Mining, LLC

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE PC
880 Montclair Road, Ste 100

Birmingham, AL 35213
(205) 967-8822